# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| STANLEY R. SCOTT, | : | |
| Petitioner, | : | Case No. 3:03CV221 |
| vs. | : | District Judge Walter Herbert Rice<br>Magistrate Judge Sharon L. Ovington |
| WARDEN, Pickaway Correctional Institution, | : | |
| Respondent | :. | |

## REPORT AND RECOMMENDATIONS[1]

### I.   INTRODUCTION

Stanley R. Scott, an inmate at Pickaway Correctional Institute, brings this case *pro se* seeking a writ of habeas corpus under 28 U.S.C. § 2254. This matter is before the Court upon Scott's Petition (Doc. #1), Respondent's Return of Writ (Doc. # 5), Respondent's Corrected Answer (Doc. # 14), Petitioner's Traverse (Doc. # 15) and the record as a whole.

### II.   PROCEDURAL HISTORY

####   A.   Trial Court Proceedings

On August 2, 1999, Petitioner, Stanley R. Scott ("Scott") was indicted by the Miami County, Ohio grand jury on one count of engaging in a pattern of corrupt activity in Case No. 99CR205 (A) & (B). On February 29, 2000, the State voluntarily dismissed the indictment. (Doc.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

# 5, Exhibit 1; Exhibit 2.) On July 10, 2000, Scott was again indicted by the Miami County Grand Jury on one count of Engaging in a pattern of Corrupt Activity to commit drug offenses in violation of R.C. §2923.32(A)(1) and one count of Conspiracy to Engage in a Pattern of Corrupt Activity in violation R.C. §2923.01(A)(1). (Doc. # 5, Exhibit 3).

Prior to trial, Scott filed several motions to dismiss. (Doc. # 5, Exhibit 4; Exhibit 6; Exhibit 8). On January 8, 2001, at a hearing scheduled on his previous motions, Scott made several oral motions that were overruled by the trial court on that same date. The court overruled the primary motion to dismiss for lack of a speedy trial and for specificity in the Bill of Particulars. In that order the court overruled motions that were repetitive of the motion it denied on September 23, 1999. All other motions presented on January 8, 2001 during the course of the hearing were overruled. The trial court held that the State's most recent response in the Bill of Particulars satisfied its previous court order. (Doc. # 5, Exhibit 14; Exhibit 14A).

On January 9, 2001, Scott pled no contest to the charges in the indictment. On March 1, 2001, Scott was sentenced to 3 years incarceration on the conviction of Engaging in a Pattern of Corrupt Activity and 2 years on the conviction of Conspiracy to Engage in a Pattern of Corrupt Activity. (Doc. #5, Exhibit 15). The Court further ordered Scott, on April 29, 2001, pursuant to his motion to stay execution of his sentence, to be released on his own recognizance pending an appeal. (Doc. # 5, Exhibit 16).

**B.** **Scott's Direct Appeal**

On March 12, 2001, Scott through counsel filed a timely notice of appeal in the Miami County Court of Appeals. (Doc. # 5, Exhibit 17). On July 9, 2001, Scott filed a brief in his appeal and presented the following assignments of error:

1. THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANT'S SIXTH MOTION TO DISMISS, BASED UPON THE STATE'S VIOLATION OF O.R.C. §2945.71 AND THE APPELLANT'S RIGHT TO DUE PROCESS IN FAILING TO BRING THE APPELLANT TO TRIAL.

2. THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANT'S SIXTH MOTION TO DISMISS AND IN RULING THAT DELAYS CAUSED BY THE STATE'S MISCONDUCT SHOULD BE CONSTRUED AGAINST THE DEFENDANT. (Doc. # 5, Exhibit 21).

On July 11, 2001, Scott filed a motion asking the court to consider the arguments contained in his co-defendant's brief, attaching the brief. (Doc. #5, Exhibit 22.) The Court overruled Scott's motion on August 3, 2001. (Doc. #5, Exhibit 23). On December 14, 2001, the appellate court overruled each of Scott's assignments of error and affirmed the judgment of the trial court. (Doc. #5, Exhibit 25).

In so doing the appellate court stated: "We find that the total amount of time that passed under the speedy trial statute was one hundred and thirty-three days. Based upon the above discussion, we find that the trial court did abuse its discretion in tolling the time between February 18, 2000 through February 29, 2000 and the time between August 15, 2000 through September 11, 2000. However, we find this error to be harmless. We affirm the trial court's decision to deny Scott's motion to dismiss based upon the speedy trial violations, though for different reasons." (Doc. #5, Exhibit 25 at p.9).

On December 27, 2001, Scott filed a motion for reconsideration of the December 14, 2001 decision. (Doc. #5, Exhibit 26.)  On April 5, 2002, the court denied Scott's motion for reconsideration. (Doc.# 5, Exhibit 29).

### C. Scott's Appeal to the Ohio Supreme Court

On January 25, 2002, Scott filed a notice of appeal to the Ohio Supreme Court from the December 14, 2001 judgment. (Doc. #5, Exhibit 30). In his memorandum in support of jurisdiction, Scott presented the following propositions of law:

> 1. WHERE A PROSECUTOR REPEATEDLY REFUSED TO OBEY THE TRIAL COURT'S ORDERS, THE DELAYS CAUSED BY THE STATE'S MISCONDUCT SHOULD NOT BE CONSTRUED AGAINST A CRIMINAL DEFENDANT FOR PURPOSES OF COMPLYING WITH R.C. §2845.71.
>
> 2. WHERE MOTIONS FILED BY A DEFENDANT DO NOT ALTER OR DELAY A TRIAL DATE, THE FILING OF MOTIONS DO NOT STAY A DEFENDANT'S CONSTITUTIONAL RIGHT TO A SPEEDY TRIAL.
>
> 3. A DEFENDANT HAS A CONSTITUTIONAL DUE PROCESS RIGHT TO BELIEVE THAT THE STATE WILL OBEY THE ORDERS OF THE TRIAL COURT.
> (Doc. #5, Exhibit 31.)

In his Memorandum in Support of Jurisdiction Scott argued that he was not brought to trial within the 270 day limit set by R.C.§ 2945.71 because the State failed to bring Scott to trial for 397 days. (Doc. # 5, Exhibit 31 at pp.5-6). Scott argued that this period of time "... is well beyond the 270 days which the Ohio Legislature has recognized is the appropriate period in which a defendant must be brought to trial without violating his rights to due process." (Doc. # 5, Exhibit 31 at p. 10).

Scott also filed a motion to stay consideration of memorandum pending the outcome of his motion for reconsideration in the appellate court. (Doc. # 5, Exhibit 32.) On March 11, 2002, the Ohio Supreme Court ordered, sua sponte, that Scott show cause, within 10 days, why the appeal should not be dismissed. (Doc. # 5, Exhibit 33.) On April 11, 2001, the Ohio Supreme Court, sua sponte dismissed Scott's appeal because he had not filed a response to the show cause

order. (Doc. # 5, Exhibit 34.) On May 20, 2002, Scott filed, in the Ohio Supreme Court, a notice of appeal from the April 5, 2002 judgment of the appellate court dismissing his motion for reconsideration. (Doc. #5, Exhibit 35). In his memorandum in support of jurisdiction, Scott presented the following propositions of law:

> 1. WHERE A PROSECUTOR REPEATEDLY REFUSES TO OBEY THE TRIAL COURT'S ORDERS. THE DELAYS CAUSED BY THE STATE'S MISCONDUCT SHOULD NOT BE CONSTRUED AGAINST A CRIMINAL DEFENDANT FOR PURPOSES OF COMPLYING WITH R.C. §2945.71
>
> 2. WHERE MOTIONS FILED BY A DEFENDANT DO NOT ALTER OR DELAY A TRIAL DATE, THE FILING OF MOTIONS DO NOT STAY A DEFENDANT'S CONSTITUTIONAL RIGHT TO A SPEEDY TRIAL.
>
> 3. A DEFENDANT HAS A CONSTITUTIONAL DUE PROCESS RIGHT TO BELIEVE THAT THE STATE WILL OBEY THE ORDERS OF THE TRIAL COURT. (Doc. #5, Exhibit 36.)

On September 11, 2002, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. (Doc. #5, Exhibit 37.) On September 13, 2002, the Miami County Court of Common Pleas issued an order imposing the previously stayed sentence. (Doc. #5, Exhibit 38).

    **D.**    <u>Scott's Present Federal Habeas Corpus Case</u>

Scott's habeas corpus petition (Doc. # 1) asserts the following grounds for relief:

**GROUND ONE: PETITIONER WAS DENIED OF HIS STATUTORY RIGHT TO A FAST AND SPEEDY TRIAL UNDER R.C. 2945.71, AND RIGHT TO DUE PROCESS**

**Supporting FACTS**: Where a prosecutor repeatedly refuses to obey the trial court's orders, and where the prosecutor's failure to obey is used to toll the Defendant's right to a fast and speedy trial, prejudicially deprives the Defendant of his statutory and constitutional rights to a fist and speedy trial, as guaranteed by Ohio Rev. Code §2945.71, and the 14th Amendment of the U.S. Constitution.

**GROUND TWO: PETITIONER WAS DENIED OF HIS CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW, AS GUARANTEED BY THE 14TH AMENDMENT, U.S. CONSTITUTION**

**Supporting FACTS:** Where pretrial motions filed by the Defendant do not alter or delay a trial date, but where the trial court improperly relies upon pretrial motions to compel the prosecutor to comply with the trial court's orders, for purposes of "tolling" the defendant's statutory right to a fast and speedy trial, prejudicially denies the Defendant of his Due Process rights to a fast and speedy trial.

**GROUND THREE: PETITIONER WAS DENIED DUE PROCESS OF LAW BASED ON THE FACT THAT PETITIONER'S BILL OF PARTICULARS WAS CONSTITUTIONALLY DEFECTIVE.**

**Supporting FACTS:** The Miami County Court of Common Pleas made numerous orders directing the Miami County prosecutor, to file a proper Bill of Particulars. On each occasion, the Prosecutor filed the same exact bill particulars, that the trial court initially found to be defective. Thus, petitioner was denied of his right to a fast and speedy trial, and due process of law, as a result of the fact that the prosecutor filed a defective bill of particulars.

**GROUND FOUR: PETITIONER WAS DENIED DUE PROCESS OF LAW WHEN THE TRIAL COURT AS WELL AS THE COURT OF APPEALS, DENIED PETITIONER HIS SPEEDY TRIAL RIGHTS.**
**Supporting FACTS:** The trial court recognized the fact that the prosecutor was liable due to the prosecutor's failure to file a proper Bill of Particulars. However, although the Court initially ruled in favor of the Petitioner, the trial court, as well as the court of appeals, prejudicially errored when those court's refused to dismiss petitioner's case on fast and speedy trial violations. Moreover, the court of appeals prejudicially applied a "harmless error" rule, when deciding a violation of a speedy trial. (Doc. # 1, pp. 5-6).

### III. ANALYSIS

#### A. The Requirement of Presentment of Federal Constitutional Claims in State Court

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies..., thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)(internal citations and punctuation omitted). "To provide the State with the necessary

6

'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court..., thereby alerting that court to the federal nature of the claim." *Reese*, 541 U.S. at 29 (citations omitted). "[O]rdinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim...." *Reese*, 541 U.S. at 32. General allegations of the denial of rights to a "fair trial" and "due process" do not fairly present claims that specific constitutional rights were violated. *Stanford v. Parker*, 266 F.3d 442, 451 (6th Cir. 2001) (petitioner must raise issues in constitutional, not state law, context).

To fairly present federal claims in the Ohio courts, a petitioner must raise the substance of them in direct or delayed appeals to the Ohio Court of Appeals and the Ohio Supreme Court. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004); *see also Fields v. Bagley*, 275 F.3d 478, 482-83 (6th Cir. 2001). A petitioner must also bring certain claims in a petition for post-conviction relief under Ohio Rev. Code §2953.21 or in an Application to Reopen Appeal under Ohio R. App. P. 26(B). *See Lopez v. Wilson*, 426 F.3d 339, 342-43 (6th Cir. 2005)(*en banc*); *see also Manning v. Alexander*, 912 F.2d 878, 881-83 (6th Cir. 1990); *Morgan v. Eads*, 104 Ohio St.3d 142, 143-44 (2004). Regardless of which avenue of appeal a convicted defendant takes, he must properly raise federal constitutional claims in both the Ohio Court of Appeals and the Ohio Supreme Court. "'[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.'" *Williams v. Bagley*, 380 F.3d 932, 967 (6th Cir. 2004)(quoting *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999)).

If a federal habeas petitioner fails to fairly present his federal claims to the state

courts and if a state procedural rule bars the petitioner from receiving in state court a merits review of the federal claims, then the petitioner's procedural default may result in a waiver of the claims for purposes of federal habeas review. *See Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004); *see also Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001). One way a petitioner may procedurally default is by failing to raise on direct appeal claims appearing on the face of the trial record. *Bagley*, 380 F.3d at 967. This constitutes a procedural default under Ohio's doctrine of *res judicata*. *Id*. As applied by the Ohio courts, "*res judicata* is an adequate and independent state ground for barring habeas review of constitutional claims." *Id*.

Only two limited situations excuse a procedural default: (1) if a petitioner shows cause and prejudice or (2) if the petitioner shows a fundamental miscarriage of justice will result from the failure to consider the merits of the claims. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Monzo v. Edwards*, 281 F.3d 568, 575 (6th Cir. 2002).

**B.**     **Petitioner did not Fairly Present his Federal Constitutional Claims in State Court**

Federal habeas relief is available on a claim only after the petitioner has exhausted the claim in state court. See 28 U.S.C. § 2254(b)(1) & (c). Because Petitioner had not exhausted in state court a claim for violation of his *federal* right to a speedy trial, the claim was procedurally defaulted. Claims raised in federal habeas proceedings that rest on different theories than those presented in the state proceedings are procedurally defaulted. *See Lorraine v. Coyle*, 291 F.3d 416, 425. With each issue presented by the petitioner, the critical question is whether the petitioner committed procedural default in the Ohio courts on the

claims or the particular arguments he presents. If, because of a procedural default, a habeas corpus petitioner can no longer present one or more of his claims to the state courts, he has waived those claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Wainright v. Sykes*, 433 U.S. 72, 87 (1977).

### 1. Scott failed to present his claims in Ground One, Two and Four as federal questions before the state court.

In Grounds for Relief One, Two and Four, Scott challenges the state courts' decision that his right to a speedy trial had not been violated. He says in Ground One that he was denied his statutory right to a speedy trial under R.C. 2945.71 "and to due process." Scott makes reference to the Fourteenth Amendment to the United States Constitution in his supporting facts. In Ground Two, he claims that he was denied due process of law under the Fourteenth Amendment to the United States Constitution by the trial court's denial of his motions to dismiss based upon a alleged violation of his right to a speedy trial. In Ground Four, he argues again that the trial court and the Court of Appeals were wrong in denying his rights to a speedy trial. None of these claims were fairly presented to the state courts, however, as a claimed violation under the federal constitution.

Scott's references in his petition to the Fourteenth Amendment of the United States Constitution were not mentioned in his motions and briefs to the state courts. In none of his motions to the trial court, does Scott argue that he was denied a speedy trial under the federal law criteria explained in *Barker v. Wingo*, 407 U.S. 514 (1972). Rather he argued in his motions to the trial court a claimed violation of the Ohio statute providing for a trial within

270 days; he based all of his arguments on Ohio law and made no reference to federal due process. Consequently, at the trial court level Scott's claims herein were procedurally defaulted. Scott similarly failed to argue on appeal to both the Miami County Court of Appeals and the Ohio Supreme Court that he was denied federal due process under the criteria of *Barker v. Wingo, supra.*

Because a state's failure to bring a defendant to trial within a specified period determined by a state law is not determinative of whether the state has violated the federal constitution, a defendant claiming a violation of his federal right does not assert the violation by claiming that the state did not comply with the state statute. Notably, the Court found no speedy trial violation in *Barker v. Wingo*, where the defendant's trial was delayed for five years. In this case, Scott did nothing more than claim that the State had violated the state statute and not that the State, under the criteria of *Barker v. Wingo,* had unreasonably delayed his trial. His claims in the state court therefore do not present a question under the United States Constitution.

The Sixth Circuit Court of Appeals so held in *Hutchison v. Marshall*, 744 F.2d 44 (6th Cir. 1984), *cert. denied*, 460 U.S. 1221 (1985). In that case, the Sixth Circuit held that a claimed violation of the right to be brought to trial within the time prescribed by state law is not cognizable in a federal habeas corpus action. Therefore, a claim that the time period violated Ohio Revised Code Section 2945.71, or another related section, will not sustain a federal habeas corpus action unless the habeas petitioner is able to show that the delay resulted in a federal constitutional violation of his right to a speedy trial. *Mathews v. Lockhart*, 726 F.2d 394, 396 (8th Cir. 1984); *Israel v. Odom*, 521 F.2d 1370 (7th Cir. 1975);

*United States v. Twomey*, 477 F.2d 767 (6th Cir.), *cert. denied*, 414 U.S. 846 (1973).

### 2. Ground Three Was Not Raised on Direct Appeal

Scott did not at any time after trial, pursue a claim that the Bill of Particulars and the indictment under which he was charged was constitutionally defective. He did not present this claim to the Court of Appeals or to the Ohio Supreme Court. Because Scott failed to present this claim at all, he committed a procedural default, that is waiver, and the State satisfies the first two prongs of the four-part test. Scott's claim in Ground Three is thus also barred .

### 3. Cause and Prejudice

As to his procedurally defaulted grounds for relief, Scott has not specifically argued that cause exists or that prejudice will occur absent a merits review of these claims. Scott has therefore not met his burden of presenting a substantial reason to excuse his procedural default. *See Rust v. Zent*, 17 F.3d 155, 161 (6th Cir. 1994).

Scott has also not demonstrated that a fundamental miscarriage of justice, such as his actual innocence, will occur if his claim these claims are procedurally defaulted. "The 'fundamental miscarriage of justice' gateway is open to a petitioner who submits new evidence showing that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Williams v. Bagley*, 380 F.3d 932, 973 (6th Cir. 2004)(citation omitted). Scott has not presented such evidence in support of his federal habeas Petition. As a result, he has not shown that a fundamental miscarriage of justice occurred in connection with convictions and sentences. *See id*.

Accordingly, Scott has not demonstrated either cause or prejudice sufficient to

excuse his procedural defaults with regard to his first and third ground for relief. He has therefore waived these claims for purposes of federal habeas review.

### 4. Even assuming Scott's Claims are not Procedurally Defaulted, they Lack Merit

The Sixth Amendment guarantees that "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. The Supreme Court has identified four factors to be considered in assessing a Sixth Amendment speedy trial claim: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right; and (4) prejudice to the defendant. *Doggett v. United States*, 505 U.S. 647, 651, 112 S. Ct. 2686 (1992); *Barker v. Wingo*, 407 U.S. 514 (1972). The Supreme Court intended that these factors be balanced and, accordingly, stated that "none of these factors is sufficient to establish a violation of the Sixth Amendment." *Barker,* 407 U.S. at 533. The Court rejected the argument that the federal constitution required a defendant to be offered a trial within a specified time period. The factual findings of the state court, which are presumed to be correct, reveal that certain delays were attributable to Scott, and that those delays attributable to the State did not result in an unreasonable delay. Scott was brought to trial within 133 days. Applying the factors set forth in *Barker*, Scott was not deprived of a speedy trial.

### C. Certificate of Appealability

Before Scott may appeal a denial of his habeas Petition, he must first obtain a certificate of appealability. 28 U.S.C. §2253(c)(1)(A). To obtain a certificate of appealability when a habeas Petition is denied on the merits, the petitioner must make a substantial showing of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S.

473, 484 (2000). This is accomplished by showing that reasonable jurists could debate whether the Petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack*, 529 U.S. at 484 (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 (1983)).

If the District Court dismisses the habeas Petition on procedural grounds without reaching the constitutional questions, the petitioner must show that jurists of reason would find it debatable whether the District Court is correct in its procedural ruling. *Slack*, 529 U.S. at 484. The procedural issue should be decided first so as to avoid unnecessary constitutional rulings. *Slack*, 529 U.S. at 485 (citing *Ashwander v. TVA*, 297 U.S. 288, 347, 56 S. Ct. 466 (1936)(Brandeis, J., concurring)).

In the instant case, the conclusion that Scott's first and third grounds for relief are barred by procedural default and that his first and second grounds for relief lack merit are not debatable by jurists of reason. Scott's habeas Petition and contentions do not otherwise present issues adequate to deserve encouragement to proceed further. Consequently, a certificate of appealability should not issue.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner, Stanley R. Scott's Petition for Writ of Habeas Corpus (Doc. # 1) be DENIED and DISMISSED;

2. A certificate of appealability under 28 U.S.C. § 2253 (c) not issue; and,

3. This case be terminated on the docket of this Court.

December 14, 2005

                                              s/ Sharon L. Ovington  
                                                Sharon L. Ovington  
                                       United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).